CLARA MARIE PYLE, Appellant, v. GERRIT HENRY WAECHTER, Appellee.

**DIVORCE:** Decree—Modification—Custody of Child. Record reviewed, and held to establish no ground for a modification of a decree for the custody of a child.

*Appeal from Marion District Court.*—J. H. APPLEGATE, Judge.

APRIL 3, 1923.

REHEARING DENIED SEPTEMBER 22, 1923.

PROCEEDING, by supplemental petition in the original divorce action, to modify the decree as to the custody of and right and privilege of visitation by plaintiff with the child of plaintiff and defendant. The court dismissed the petition on its merits, from which order this appeal is taken.—*Affirmed.*

*Clarke & Cosson* and *L. D. Teter,* for appellant.

*Vander Ploeg & Johnson* and *George G. Gaass,* for appellee.

ARTHUR, J.—Plaintiff and defendant were married in June, 1906. The child, Donald Waechter, who is the subject of controversy in this case, was born in December, 1907. The parties lived together as husband and wife until about the 1st of March, 1910, when the wife left her home and instituted a suit for divorce against her husband, on the ground of cruel and inhuman treatment. The divorce action was tried in the district court of Marion County in May, 1910, and the court refused to grant a decree of divorce; and defendant in this action secured, in some way not disclosed in the record, the custody of the minor child, and has retained such custody and care ever since. After the trial of the divorce case, the wife refused to return to the home, and in February, 1912, the husband, Gerrit Henry Waechter, instituted an action for divorce on the ground of desertion, and on March 8, 1912, a decree of divorce was entered. Pending this action, the parties entered into a written agreement adjusting and settling their property rights, and provided that Gerrit Henry Waechter should have the custody of the child, Donald Waechter. The provisions of the agreement between the parties concerning property rights and the custody of the child were incorporated in the decree of divorce. Said contract and decree provided for the visitation of Donald by his mother for a period of two years. The contract contains this further provision:

"Further, it is agreed by the parties hereto that, excepting as above set out, said Clara Kramer Waechter [Clara Marie Pyle, appellant in this action] shall have no right to visit or have said Donald Waechter visit her, without the consent of said Gerrit Waechter, excepting in the event that said Donald Waechter should become seriously ill, in which event there is a provision for notice to the mother and the privilege for her to visit the said Donald Waechter."

After the decree of divorce, Clara Waechter, now Clara Marie Pyle, moved from Pella to Des Moines. Afterwards, both of the divorced parties remarried. This action is brought for a modification of the decree of divorce entered in 1912 with reference to the care and custody of Donald Waechter, the child, and to secure to the mother the privilege of having the child visit her, and to have the custody of said child so changed that the mother may have the privilege, not only of visiting the child at the child's home in the city of Pella, as provided in the original decree, but also the privilege of having the child in her home in the city of Des Moines. The petition for modification of the decree charges violation by the father and members of his family of the terms and conditions of the contract and decree, among which it is charged that the father and members of his family have sought to poison the mind of the child against his mother, and have refused her the privilege of visiting with her son; also that she had not been treated with the courtesy that a mother should be, when she called at the home where the child lives; also that the father and members of his family have interfered with her right to see and visit her child at school; and that they failed to notify her of serious illness of the child, as provided in the decree.

After hearing the case, the court found that the plaintiff had failed to support the material allegations of her petition, and refused to modify the original decree, and dismissed the supplemental petition praying for modification. From such order this appeal is taken.

The errors assigned all center around and comprehend the one proposition that, under the evidence submitted, it was error to refuse modification of the decree. While the petition for modification asked more on the final submission of the case in

the district court, and as presented here, the relief pressed is that the original decree be modified so as to now permit visitation between the mother and child, and to enlarge the privileges of visitation. As we understand counsel for the mother, they do not now insist upon a change of custody of the child from the father to the mother, but, as counsel in their argument state the controversy:

"This is a question solely as to whether or not the mother of this child shall have the * * * right to see, and upon some occasions to visit with, and to invite into her own home for a short period of time, the child."

According to the terms of the contract, after the expiration of two years from the date of the decree, the mother had no absolute right or privilege of visiting the boy, as she had surrendered by the contract such right. But she did have such right by securing the permission of the father for such privilege. As the court below viewed the contract, and as we understand it, the mother now would have the right to visit the child, with the consent of the father, at reasonable times and at reasonable and proper places, such as they might agree upon. As we understand the contract and terms of the decree, the father would not have the right, without some good reason, to arbitrarily refuse the mother the privilege of visiting her son. Such right should be granted by the father, under the provisions of the decree, at such reasonable times and places as the father and mother might agree upon. The mother should not be unreasonable in her demands of visitation, nor should the father refuse, without some good reason, any reasonable request by the mother as to time and place for visitation of her son. The decree does not require any modification, to allow the mother such right or privilege under said contract. As we understand the mother's position, she insists upon a modification of the decree to the extent that she be given the right and privilege as a matter of right, not depending upon the agreement with or consent of the father for visits with the son. Manifestly, the father and mother made the contract, with the thought in mind that the father should have something to say with reference to the times and places when such visitations should take place, after the expiration of two years from the date of the decree. Now, if

it appeared from the evidence that the father had refused his consent, on a reasonable request by the mother, to have opportunity to visit with the son, we would be inclined to modify the decree so as to accord her such right and privilege, if the son (he being now 15 years old) desired to visit with his mother. We gather from the record that the father and the mother and their families are entirely respectable and good people. But it does appear, unfortunately, that there is considerable feeling in the respective families against each other.

There can be no serious controversy concerning the law applicable to such a case as this. Many cases are cited, but they are so different in their facts as to aid the court but little in reaching a conclusion in this case. We have held, and other courts have so held, that a parent may surrender, by contract, his or her right to the custody or even visitation of a child. *Bonnett v. Bonnett*, 61 Iowa 199; *Smidt v. Benenga*, 140 Iowa 399.

A considerable volume of testimony was submitted upon the trial. We have carefully examined all the evidence. It would serve no good purpose to set forth the evidence here. It is sufficient to say that we conclude that the record fairly shows that, whenever the mother has asked to see her son, and the boy was at home, or could be readily found, the mother was accorded the privilege of visiting with him. In fact, there is practically no dispute in the testimony on this question. It is true that, at times, she asked for the privilege of visiting the boy and was informed that he was not at home; was either out playing with other boys, away from the home, or was somewhere out in the country.

While the boy has had some sickness during the period since his parents were divorced, he has experienced no serious illness.

As to the complaint made that the father and members of his family have sought to poison the mind of the boy against his mother and to alienate his affections or to keep him from becoming attached to his mother, we think that such complaints do not have support in the testimony. During all these years, considerable feeling has existed between the families, growing out of the domestic difficulties between the parties. We think

that the testimony fairly shows in this respect that whatever caused the domestic trouble cannot be ascribed to the father. In plaintiff's suit for divorce, the charges made against Gerrit Henry Waechter were not sustained. In the divorce action, wherein the decree sought to be modified was entered, the court found the plaintiff in this action to be at fault. At the time the mother left her home, the boy was about two years old, and afterwards, when the decree of divorce was granted to the father, and when the boy was about four years old, she voluntarily surrendered the care and custody of the child to the father. In such situation, the mother is not now in good position to complain that the boy, now about fifteen years old, and being absent from his mother all these years and in the care and custody of his father, does not have the love and affection for her that a child usually has. The record shows without any question that, aside from the requests made by letters written by the mother to the father in 1920 and 1921, the mother, during the past three or four years, has not made a request of the father to visit her son, Donald, except on one occasion, when she went to Pella and talked with her former husband and his father, in which conversation she was informed that they had no objection to her visiting Donald, and that it was a matter entirely for Donald whether he desired to visit her.

From the testimony it appears that, although the right of visitation expired at the end of two years, there was no change after that time in the attitude of the father in regard to permitting the mother to visit the boy. As we gather from the evidence, the mother is not now denied the privilege of visiting her son at all reasonable places and times, whenever the boy desires to visit with his mother. Donald is now about 15 years of age. He is a freshman student in the high school at Pella, and a member of the boy scouts and of the church, and is quite a regular attendant at both Sunday school and church. He is a nice, bright boy, and conducted himself discreetly and intelligently on the witness stand, and made no attempt to shade his testimony in favor of either party. On the witness stand, the boy testified that he could not remember living in his father's and mother's home, and that he had never been informed what the trouble between his father and mother was.

While the court below refused to modify the decree, of which judgment we approve, we indulge the hope, and think, that the trial of the case and its incidents were not devoid of good results to all parties concerned. Counsel on both sides conducted the case admirably, and with due regard to the future welfare of the boy. The learned and sympathetic court took occasion to suitably admonish and advise the parties as to their duties.

We reach the conclusion that it is not shown that Gerrit Henry Waechter has violated the terms of the decree, and that the mother has not been deprived of the privilege of reasonable visitation with her son, as provided in said contract and decree, and that the supplemental petition should be dismissed on its merits.

Results in affirmance of the judgment below.—*Affirmed.*

PRESTON, C. J., EVANS and FAVILLE, JJ., concur.